IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Misfit Coffee Company, LLC, | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Tony Donatell and Lone Oak Store LLC d/b/a THE MISFITS COLLECTIVE | **JURY TRIAL DEMANDED** |
| Defendants. | |

---

Plaintiff Misfit Coffee Company, LLC ("Misfit Coffee" or "Plaintiff"), for its claims against Defendants Tony Donatell ("Donatell") and Lone Oak Store LLC ("Lone Oak") (collectively "Defendants") d/b/a THE MISFITS COLLECTIVE, states and alleges as follows:

## JURISDICTION AND VENUE

1. Misfit Coffee files this action against Defendants for trademark infringement, dilution, unfair competition, and deceptive trade practices. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, Minnesota statutes, and common law. This Court has subject matter jurisdiction over Misfit Coffee's claims for federal trademark infringement and unfair competition under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and over Misfit Coffee's state and common law trademark infringement, dilution, and deceptive trade practices claims under 28 U.S.C. § 1367.

2. Defendants conduct business in this judicial district, have engaged in and continue to engage in infringing activity in this judicial district, and are subject to personal jurisdiction in

this judicial district.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## THE PARTIES

4. Misfit Coffee is a Minnesota limited liability company having a principal place of business at 2401 Lyndale Ave. S., Minneapolis, Minnesota 55405.

5. Misfit Coffee is a purveyor of coffee, tea, beer, cocktails, and food items (including pastries and light lunch and dinner fare) through coffee shops, coffee and food trucks, food services, kiosk operations, and event catering. Since 2015 Misfit Coffee has sold its coffee, tea, beer, cocktails, and food items under the MISFIT mark.

6. Tony Donatell is a natural person believed to reside in or around Savage, Minnesota. Donatell is the operator and nameholder for THE MISFITS COLLECTIVE, and upon information and belief, is one of the owners of Lone Oak Store, LLC.

7. On information and belief, Lone Oak Store, LLC, whose headquarters is located at 1286 Lone Oak Road, Eagan, Minnesota 55121, is the owner of THE MISFITS COLLECTIVE, located at 14889 Florence Trail, Apple Valley, Minnesota 55124.

8. THE MISFITS COLLECTIVE provides restaurant services in Apple Valley, Minnesota through what it describes as a "multi-concept food hall style setting." The specific restaurant services offered by THE MISFITS COLLECTIVE include, among other items, coffee, tea, beer, cocktails, and food items (including breakfast, lunch, and dinner fare).

## FACTS

9. Since 2015, Misfit Coffee has been selling high quality specially roasted coffee beans, coffee and tea drinks, beer and cocktails, and food items through its coffee shops, coffee trucks, food services, kiosk operations, and event catering. Misfit Coffee has developed a

reputation for high quality coffee, tea, beer, cocktails, and food products within Minnesota and through the United States.

**Misfit Coffee's Federal Trademarks:**

10. Misfit Coffee has obtained United States trademark registrations for the word mark MISFIT, and for the stylized form of MISFIT.

11. A copy of Misfit Coffee's U.S. Trademark Registration No. 6,466,477 ("the '477 Registration"), registered August 31, 2021, for the word mark MISFIT for use with coffee shops is attached as Exhibit 1.

12. A copy of Misfit Coffee's U.S. Trademark Registration No. 6,466,478 ("the '478 Registration"), registered August 31, 2021, for the word mark, MISFIT in stylized form, with the letters "MIS" located above the letters "FIT" which are shown upside down and backwards, for use with coffee shops is attached as Exhibit 2.

**Defendants' Infringing Activities:**

13. In or around early July 2021, THE MISFITS COLLECTIVE opened for business in Apple Valley, Minnesota. Shortly before its opening it was the subject of an article titled "Misfits Collective food hall coming to Apple Valley," published in the Pioneer Press, which stated, among other things:

> Tony Donatell, the king of cool suburban restaurants, is taking his operations to Apple Valley.
>
> The Misfits Collective, opening in the former PR's Sports Bar on Florence Trail, is his biggest venture yet – a food hall of sorts with four concepts under one roof.
>
> Donatell is the guy behind Burgers and Bottles, Volstead House, Mean Miner's Tacos and Farmer's Grandson in Eagan; Bourbon Butcher in Farmington; Whiskey Inferno in Savage; and Tequila Butcher in Chanhassen, most of which occupy formerly unremarkable spaces in strip malls, gas stations and previous Applebee's buildings.

* * * *

The four spaces are as follows:

Couriouser Coffee: A counter-service coffee and coffee cocktail concept that is inspired by Alice in Wonderland. It's from beverage director Ralena Young, and you should expect coffee drinks that use house-made syrups, tinctures, bitters and "flavor profiles you wouldn't see in a normal coffee shop," said marketing director Emily Johnson. There are also breakfast and lunch options – from a breakfast burrito to oatmeal to sandwiches and desserts, including ice cream....

A copy of the article titled "Misfits Collective food hall is coming to Apple Valley" is attached as Exhibit 3.

14. After its opening, Misfit Coffee became aware that THE MISFITS COLLECTIVE was selling coffee, tea, beer, cocktails, and food items through various beverage and food-serving "concepts" located within it, including Curiouser Coffee. Copies of THE MISFITS COLLECTIVE's website describing its beverage and food-serving "concepts" and its Curiouser Coffee coffee shop "concept" are attached as Exhibits 4 and 5, respectively.

15. The logo for THE MISFITS COLLECTIVE is displayed on its website, www.themisfitscollective.co. As displayed on its website, "THE MISFITS COLLECTIVE" is displayed in all capital letters featuring a backwards capital "F." *See* Exhibit 4.

16. THE MISFITS COLLECTIVE also displays "Misfits Collective," without including the article "the" on at least its building signage and menus.

17. Copied below is a comparison of Misfit Coffee's '478 Mark and THE MISFITS COLLECTIVE logos used on its website and signage:

The '478 Mark:



THE MISFITS COLLECTIVE'S use of "MISFIT":





Like the '478 Mark, THE MISFITS COLLECTIVE logo is printed in all caps with the letter "F" displayed backwards.

18. As of August 16, 2021, publicly available records maintained by the Office of the Minnesota Secretary of State ("Minnesota Secretary of State") listed Ms. Rheata Donatell as the nameholder for THE MISFITS COLLECTIVE. *See* Ex. 6.

19. By letter dated August 16, 2021 addressed to Ms. Rheata Donatell, counsel for Misfit Coffee gave the Defendant written notice of Misfit Coffee's U.S. Trademark App. Ser. Nos. 88/870,006; 88/870,013; 88/981,221, and 88/981,222 for its MISFIT mark and logo. This

letter also noted that Misfit Coffee is already aware of incidents of actual confusion between its MISFIT mark and the Defendants' use of THE MISFITS COLLECTIVE. Misfit Coffee requested that Defendant cease use of the marks THE MISFITS COLLECTIVE, MISFIT, and any other confusingly similar marks in connection with food, coffee, or restaurant services, and that Defendant change and permanently stop using the URL www.themisfitscollective.co. *See* Ex. 7.

20. On August 26, 2021, counsel for Rheata Donatell sent a letter to Misfit Coffee's counsel stating that Rheata Donatell had been erroneously listed in the Minnesota Secretary of State's publicly-available records as the nameholder for THE MISFITS COLLECTIVE. That letter further stated that Donatell was the appropriate nameholder for THE MISFITS COLLECTIVE and that Donatell agreed to an assignment and amendment of THE MISFITS COLLECTIVE assumed name. *See* Ex. 8.

21. Publicly-available records maintained by the Minnesota Secretary of State now list Donatell as the nameholder for THE MISFITS COLLECTIVE. *See* Ex. 9.

22. After an exchange of emails and a telephone conversation with counsel for Donatell, Misfit Coffee's counsel sent Donatell's counsel an email, dated September 7, 2021, apprising him of the issuance of the '477 Mark and '478 Mark, and providing copies of the registrations for those Marks. Counsel for Misfit Coffee also stated that Misfit Coffee would provide the Defendant until September 10, 2021 to provide assurance that the Defendant would cease using the previously identified marks, *i.e.*, MISFIT and THE MISFITS COLLECTIVE, immediately. Absent such assurance, Misfit Coffee's counsel stated that Misfit Coffee would pursue further legal action. *See* Ex. 10.

23. Despite an additional exchange of written communications exchanged via email

after September 10, 2021, Defendants continue to use the '477 Mark and '478 Mark, in its name, THE MISFITS COLLECTIVE, its logo, and its URL, www.themisfitscollective.co, and have not committed to ceasing such use.

## COUNT I
### (Federal Trademark Infringement of U.S. Trademark Registration No. 6,466,477)
### (Violation of 15 U.S.C. § 1114)

24. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 23 above.

25. The Defendants' unauthorized use of the phrase, THE MISFITS COLLECTIVE, as its name has caused and is likely to cause confusion, to cause mistake, or to deceive consumers, and constitutes infringement of Misfit Coffee's '477 Mark.

26. Upon information and belief, the Defendants deliberately and willfully infringed Misfit Coffee's '477 Mark in an attempt to trade off the recognition and goodwill associated with that Mark.

27. The Defendants' actions are likely to cause irreparable harm to Misfit Coffee unless enjoined.

28. The Defendants' actions entitle Misfit Coffee to monetary relief under 15 U.S.C. §1117.

29. As a result of the Defendants' trademark infringement, Misfit Coffee has suffered loss and damages in an amount to be determined at trial. Misfit Coffee is entitled to recover the Defendants' profits attributed to their infringing activities. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is also entitled to permanent injunctive relief, enjoining the Defendants from further and continuing violations of 15 U.S.C. § 1114.

## COUNT II
### (Federal Trademark Infringement of U.S. Trademark Registration No. 6,466,478)

**(Violation of 15 U.S.C. § 1114)**

30. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 29 above.

31. The Defendants' unauthorized use of the phrase, THE MISFITS COLLECTIVE, as its name and its logo using that phrase with a backwards "F," has caused and is likely to cause confusion, to cause mistake, or to deceive consumers, and constitutes infringement of Misfit Coffee's '478 Mark.

32. Upon information and belief, the Defendant deliberately and willfully infringed Misfit Coffee's '478 Mark in an attempt to trade off the recognition and goodwill associated with that Mark.

33. The Defendants' actions are likely to cause irreparable harm to Misfit Coffee unless enjoined.

34. The Defendants' actions entitle Misfit Coffee to monetary relief under 15 U.S.C. §1117.

35. As a result of the Defendants' trademark infringement, Misfit Coffee has suffered loss and damages in an amount to be determined at trial. Misfit Coffee is entitled to recover the Defendants' profits attributed to their infringing activities. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is also entitled to permanent injunctive relief, enjoining the Defendant from further and continuing violations of 15 U.S.C. § 1114.

**COUNT III**
**(Federal Unfair Competition)**
**(Violation of 15 U.S.C. § 1125(a))**

36. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 35 above.

37. The Defendants' unauthorized use of the THE MISFITS COLLECTIVE, including when used with a backwards "F," on and in connection with its coffee shop and restaurant is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of the Defendant with Misfit Coffee, or as to the origin of the Defendants' goods, or as to the sponsorship or approval of Defendants' goods and/or commercial activities by Misfit Coffee, all in violation of 15 U.S.C. § 1125(a).

38. Upon information and belief, the Defendants' unlawful actions were deliberate and willful.

39. The Defendants' actions are likely to cause irreparable harm to Misfit Coffee unless enjoined.

40. As a result of the Defendants' actions, Misfit Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee is entitled to recover the Defendants' profits attributed to Defendants' unlawful activities. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is further entitled to permanent injunctive relief enjoining the Defendants from further and continuing violations of 15 U.S.C. § 1125(a).

## COUNT IV
### (Minnesota Unlawful Trade Practices)
### (Violation of Minn. Stat. § 325D.13)

41. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 40 above.

42. The Defendants' use of the phrase THE MISFITS COLLECTIVE, including when used with a backwards "F," on and in connection with its coffee shop and restaurant misrepresents, directly or indirectly, the origin of Defendants' coffee, tea, beer, cocktails, and food products, and constitutes unlawful trade practices in violation of Minn. Stat. § 325D.13.

43. Misfit Coffee has been damaged and/or is threatened with loss, damage, or injury by reason of the Defendants' unlawful trade practices unless enjoined.

44. As a result of the Defendants' violation of Minn. Stat. § 325D.13, Misfit Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is entitled to preliminary and permanent injunctive relief, enjoining the Defendants from further and continuing violations of Minn. Stat. § 325D.13.

## COUNT V
### (Minnesota Deceptive Trade Practices)
### (Violation of Minn. Stat. § 325D.43, *et. seq.*)

45. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 44 above.

46. The '477 Mark and '478 Mark are each a "Trademark" as defined in Minn. Stat. § 325D.43, subd. 7.

47. The Defendants' unauthorized use of the phrase THE MISFITS COLLECTIVE, including when used with a backwards "F," is likely to cause confusion or misunderstanding as to the source of the Defendants' coffee, tea, beer, cocktails, and food products, or as to the sponsorship or approval of the Defendants' coffee, tea, beer, cocktails, and food products by Misfit Coffee, or as to the origin of the Defendants' goods, or as to the sponsorship or approval of Defendants' goods and/or commercial activities by Misfit Coffee, all in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

48. Upon information and belief, the Defendant acted deliberately and willfully in its unauthorized use of Misfit Coffee's '477 Mark and '478 Mark.

49. Misfit Coffee is likely to be damaged by the Defendants' deceptive trade practices

unless enjoined.

50. As a result of the Defendants' violation of the Minnesota Deceptive Trade Practices Act, Misfit Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is entitled to preliminary and permanent injunctive relief, enjoining the Defendant from further and continuing violations of the Minnesota Deceptive Trade Practices Act.

## COUNT VI
### (Dilution under Minnesota Law)
### (Violation of Minn. Stat. § 333.285)

51. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 50 above.

52. The '477 Mark and '478 Mark are distinctive and famous in Minnesota.

53. The Defendants' use of the phrase THE MISFITS COLLECTIVE, including when used with a backwards "F," on and in connection with sales of its coffee, tea, beer, cocktails, and food products began after the '477 Mark and '478 Mark became famous in Minnesota.

54. The Defendants' unauthorized use of the phrase THE MISFITS COLLECTIVE, including when used with a backwards "F," on and in connection with its coffee, tea, beer, cocktails, and food products is causing dilution of the distinctive quality of the '477 Mark and '478 Mark.

55. Upon information and belief, the Defendant acted deliberately and willfully in intending to trade on Misfit Coffee's reputation or to cause dilution of its famous marks.

56. Misfit Coffee is likely to be damaged by the Defendants' dilution of its famous marks unless enjoined.

57. As a result of the Defendants' violation of Minn. Stat. § 333.285, Misfit Coffee has suffered loss and damage in an amount to be determined at trial. Misfit Coffee is entitled to attorneys' fees and costs incurred in this action. Misfit Coffee is entitled to preliminary and permanent injunctive relief, enjoining the Defendant from further and continuing violations of Minn. Stat. § 333.285.

## COUNT VII
### (Common Law Trademark and Trade Dress Infringement)

58. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 57 above.

59. The Defendants' actions constitute trademark infringement under the common law.

60. As a direct and proximate result of the likelihood of confusion, mistake or deception caused by the Defendants' unlawful actions, Misfit Coffee has suffered and will continue to suffer irreparable harm if the Defendants' unlawful conduct is not enjoined.

61. The Defendants' actions entitle Misfit Coffee to monetary relief in an amount to be determined at trial.

## COUNT VIII
### (Common Law Unfair Competition)

62. Misfit Coffee restates and realleges each of the allegations contained in paragraphs 1 through 61 above.

63. The Defendants' actions constitute unfair competition under the common law.

64. As a direct and proximate result of the Defendant engaging in unfair competition, Misfit Coffee has suffered and will continue to suffer irreparable harm if the Defendants' conduct is not enjoined.

65.     The Defendants' actions entitle Misfit Coffee to monetary relief in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Misfit Coffee hereby demands a trial by jury of any issue in this matter triable of right to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment:

A.      On Counts I, II, and III, for an award of the Defendants' profits, any damages sustained by Plaintiff, together with the costs of this action, the precise amounts of all the foregoing to be determined at trial, pursuant to 15 U.S.C. § 1117;

B.      That the amount found as actual damages be increased by an amount not exceeding three times, pursuant to 15 U.S.C. § 1117;

C.      On Counts III through VIII, for an award of any damages sustained by Plaintiff, the precise amounts of which to be determined at trial;

D.      On Counts I through VIII, for permanent injunctive relief enjoining the Defendant, and all persons in active concert with the Defendant, from using the phrase THE MISFITS COLLECTIVE, including but not limited to, when used with a backwards "F," on or in connection with coffee, tea, beer, cocktails, and food products, pursuant to 15 U.S.C. § 1116, the common law, Minn. Stat. § 325D.15, Minn. Stat. § 325.45, and Minn. Stat. § 333.28-29;

E.      That the case be deemed exceptional and that Plaintiff be awarded its attorney fees, pursuant to 15 U.S.C. § 1117, Minn. Stat. § 325D.45, and Minn. Stat. § 333.29;

F.      An order for destruction of any and all promotional, advertising, or marketing materials in the possession or control of Defendant bearing the '477 Mark, '478 Mark, or the

phrase THE MISFITS COLLECTIVE, including, but not limited to, when used with a backwards "F."

    H.    For such other and further relief as the court may deem just and equitable.

    Respectfully Submitted,

Date:  September 28, 2021    /s/ *Christopher A. Young*
    Christopher A. Young (288998)
    LARKIN HOFFMAN DALY & LINDGREN LTD.
    8300 Norman Center Drive, Suite 1000
    Minneapolis, Minnesota 55437-1060
    Telephone     952.835.3800
    Facsimile     952.842.1832
    cyoung@larkinhoffman.com

    ***ATTORNEYS FOR PLAINTIFF***
    Misfit Coffee Company LLC

4830-7897-8043, v. 1